YARRUT, Judge
This is a suit on a promissory note payable to Plaintiff for $385.15, dated November 12, 1963, with 8% interest from December 12, 1963, until paid, and 25% attorney’s fees, allegedly signed by Defendant, James Conner. Plaintiff-payee claims the note was signed in consideration for hospital services rendered by it to a patient who was admitted under the name of Marcelle Harris Conner, on October 31, 1963, and discharged 12 days later. Defendant acknowledged knowing the patient and that he had lived with her and her mother for a time, but denied having signed the note.
Plaintiff produced two witnesses. The first was Mr. .Wade Henry, Assistant Administrator of Plaintiff Hospital, who testified that no installments had been paid on the note. However, he was unable to testify whether 'Mr. Conner signed the note, because he was not employed by the Hospital at the time it was signed. The second witness was Mrs., W. E. Williams, an employee of the Hospital, who testified she received the note, but was unable to identify the person who signed it.
Mrs. Sadie Kleinberger, an alleged handwriting expert appearing on behalf of Defendant, testified that Defendant’s signature was a forgery. However, the Trial Judge refused to accept Mrs. Kleinberger as a handwriting expert, and discounted her testimony. Defendant produced two other documents he had previously signed, all three of which have similarities in the signatures.
The Trial Judge rendered judgment in favor of Plaintiff from which Defendant appeals.
There are certain crucial facts in this case which have not been properly explained, for which reason we are exercising our discretion under LSA-C.C.P. art. 2164 and are remanding the case to the trial court in order to give both parties an opportunity to introduce qualified handwriting *831 experts, and any additional pertinent and admissible evidence they might have.
The case is, therefore, remanded to the trial court for the purpose above stated; each party to pay his own costs on appeal; all other costs to await final determination.
Case remanded.